IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GREGORY D. PHILLIPS                                                              PLAINTIFF

v.                          Case No.: 07-5117

JAILER REEVES, SHERIFF FERGUSON,
JAILER MONROE, and CAPTAIN PETRAY                      DEFENDANTS

**ORDER**

     Gregory Phillips (Plaintiff) filed this pro se civil rights action under 42 U.S.C. § 1983 on June 27, 2007. (Doc. 1). Plaintiff's complaint was filed *in forma pauperis* (IFP) and certified to proceed on the same date. The Defendants filed a Motion for Summary Judgment on February 29, 2008 (Doc. 20) and the Plaintiff filed a response to the Motion for Summary Judgment on April 24, 2008. (Doc. 27). The Motion for Summary Judgment was referred to the undersigned for a report and recommendation.

**I. Background**

     Plaintiff alleges he was denied medical care from June 12 -15, 2007. Specifically, Plaintiff alleges he was to have 400 mg of over the counter pain medication "p.r.n." as prescribed to him by the jail nurse and doctor. Plaintiff states he was unable to obtain this medication more than once a day. Often, Plaintiff alleges he was told to "wait" until after med call to receive his medication, and then he would stand at his door every thirty minutes and still not receive it. Defendants Monroe and Reeves are identified as the members of the detention center staff who did not give Plaintiff his medications.

     Plaintiff filed his first grievance regarding his missed medication on June 18, 2007. He was

seen by the Nurse on June 19, 2007 and filed no other grievances or complaints regarding not getting his medication. On June 21, 2007, Plaintiff requested a "reorder" of his medication because he was "out." Plaintiff was prescribed his medication for hip and leg pain. He states that when he did not get the medication his knee was swollen and he was in pain.

## II. Discussion

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their individual and official capacities. Plaintiff's official capacity claims are tantamount to suing Benton County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on respondeat superior, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91.  In his Response to the Motion for Summary Judgment (Doc. 27), Plaintiff states there was a custom or policy leading to denial of medical care because "[i]t states in the Benton County hand book that everyone will receive proper medical treatment and I believe that goes for getting [their] medication." (Doc. 27, ¶ 1).  The policy of Benton County to provide proper medical care.  Thus, that policy can not be said to lead to a constitutional deprivation.  Accordingly, Summary Judgment should be granted in favor of the Defendants on Plaintiff's official capacity claims.

### B. Claims Against Defendants Ferguson and Petray

Plaintiff states in the response to the Motion for Summary Judgment (Doc. 27, ¶ 2) that his only claims against Defendants Ferguson and Petray are for not making sure the jail staff was "doing their job" and for not looking into problems noted on grievances.  He states Petray and Ferguson never personally denied him any medication.

Clearly, Plaintiff's claims against Defendants Ferguson and Petray are based upon *respondeat-superior*.  *Respondeat-superior* claims are not cognizable under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989); *Givens v. Jones,* 900 F.2d 1229, 1233 (8th Cir.1990).  Plaintiff alleges no direct involvement of Defendants Ferguson and Petray; moreover, as Plaintiff did not file a grievance regarding his missed medication until after the time it was resolved, Defendants had no knowledge of any missed medications.  Without this direct personal involvement, a causal connection cannot be formed.  *Pearl v. Dobbs,* 649 F.2d 608, 609 (8th

Cir.1981). Defendants Motion for Summary Judgment should be granted as to Plaintiff's claims against Defendants Ferguson and Petray.

### C. Denial of Medical Care

As Plaintiff was a pretrial detainee during the time of his claims, his denial of medical care claims are more properly analyzed under the due process clause of the Fourteenth Amendment than the Eighth. "The standard to be applied in assessing a pretrial detainee's claim of due process violations . . . is not entirely clear." *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir.1999). Nevertheless, "[t]he Supreme Court has held that pretrial detainees are entitled under the Fourteenth Amendment to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." *Id.* (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983).

In the absence of a clearly binding standard, the Eighth Circuit in analyzing inadequate medical care claims brought by pretrial detainees has applied the Eighth Amendment's deliberate indifference standard. *See e.g., Hartsfield*, 371 F.3d at 456-457; *Spencer*, 183 F.3d at 905-06; *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir.1994)(analyzing a pretrial detainee's claim of inadequate medical care under the deliberate indifference standard). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials (arresting officers) actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen* 205 F.3d 1094, 1096 (8th Cir.2000) (quoting *Dulany v. Carnahan*, 132

-4-

F.3d 1234, 1239 (8th Cir.1997)).  Additionally, " '[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" *Jolly*, 205 F.3d at 1096 (quoting *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995)).  *See also Gregoire v. Class*, 236 F.3d 413, 417 (8th Cir.2000) ("To establish a constitutional violation, it is not enough that a reasonable official should have known of the risk, a plaintiff must establish that the official in question did in fact know of the risk.").

"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.*" Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "A medical need is serious if it is obvious to the layperson or supported by medical evidence." *Moore v. Jackson*, 123 F.3d 1082, 1086 (8th Cir.1997) (per curiam) (internal quotation and citation omitted).  Deliberate indifference can be manifested by an intentional denial of or delay in providing access to medical care. *Charron v. Medium Sec. Inst.,* 730 F. Supp. 987, 996 (E.D. Mo.1989).

Plaintiff states he was having trouble receiving his medication that was prescribed "p.r.n." more than once a day from June 12-15, 2007.  However, Plaintiff did not file any grievance or attempt to use the administrate remedies available to him until June 18, 2007.  Once Plaintiff filed his grievance, he was seen by the jail nurse the next day, June 19, 2007 and the issue was resolved.

Plaintiff has not come forward with any evidence showing the named Defendants deliberately withheld his medication, or knew of an escalating or emergency medical condition and failed to take steps to correct it.  Plaintiff states as a result of missing his medication, he had pain and swelling in his knee.  However, Plaintiff has not come forward with any verifying medical evidence that he was

adversely affected by any delays in medication. *See Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir.1997) (inmate complaining of delay in medical treatment must present verifying medical evidence to show that the delay had detrimental effect).

Accordingly, Defendants' Motion for Summary Judgment is due to be granted on Plaintiff's claims of denial of medical care.

### III. Conclusion

For the reasons stated, I recommend that the Defendants' Motion for Summary Judgment (Doc. 20) be **GRANTED** in its entirety.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED** this **25th day of April 2008.**

                                        */s/ J. Marschewski*
                                        HON. JAMES R. MARSCHEWSKI
                                        UNITED STATES MAGISTRATE JUDGE